IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MELVIN SIMKO,             )
Register No. 1035464,     )
                          )
        Plaintiff,        )
                          )
    v.                    )     No. 04-4148-CV-C-SOW
                          )
JILL McGUIRE, et al.,     )
                          )
        Defendants.       )

### REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On November 2, 2004, plaintiff filed a motion for a temporary restraining order and preliminary injunction.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, *Holt v. Sarver*, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. *American Home Investment Co. v. Bedel*, 525 F.2d 1022, 1023 (8th Cir. 1975), *cited with approval in Rittmiller v. Blex Oil, Inc.*, 624 F.2d 857 (8th Cir. 1980). *See also Cole v. Benson*, 760 F.2d 226 (8th Cir. 1985), *cert. denied*, 474 U.S. 921 (1985). In *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

*Id.* at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting *Holiday Inns of America, Inc. v. B. & B. Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470 (8th Cir. 1994).

Plaintiff's motion for preliminary injunctive relief should be denied as moot. Plaintiff's motion states that defendant McGuire of Tipton Correctional Center is denying him access to this court. On December 23, 2004, plaintiff notified this court that he is no longer incarcerated at Tipton Correctional Center, but has been released to the Kansas City Community Release Center. Accordingly, there is no a threat of irreparable harm to plaintiff, and plaintiff's motion for preliminary injunctive relief should be denied as moot.

On October 5, 2004, plaintiff filed a motion for appointment of counsel, pursuant to 28 U.S.C. § 1915. There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985); *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam). Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'" *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel. *Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint. [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim. In addition to the merits of a case, a court may consider any of a number of factors. Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

*Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted). *See also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in *Ferguson v. Fleck*, 480 F. Supp. 219 (W.D. Mo. 1979) at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . . Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts. Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision. Meritorious claims, however, would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. *Green v. Wyrick*, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize the federal courts to make coercive appointments of counsel." *Mallard v. United States Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989).

The issues in plaintiff's complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff's claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to

3

file the appropriate motions and the court has ruled on said motions, plaintiff may again request appointment of counsel.

IT IS, THEREFORE, ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [7]. It is further

RECOMMENDED that plaintiff's motion for a temporary restraining order and preliminary injunction be denied [9, 10].

' Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 10th day of January, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4