IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MELVIN SIMKO, )
Register No. 1035464, )
)
          Plaintiff, )
)
          v. ) No. 04-4148-CV-C-SOW
)
JILL McGUIRE, et al., )
)
          Defendants. )

## REPORT, RECOMMENDATION AND ORDER

    Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

    On June 14, 2005, defendants filed a motion to dismiss for plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit, for failure to state a claim against defendant McGuire, and because plaintiff's claims against defendants in their official capacities are barred by Eleventh Amendment immunity. Plaintiff has responded in opposition to the motion, requested appointment of counsel, and requested leave to file his response out-of-time.

    Defendants initially seek dismissal based upon plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit. The court has reviewed the administrative record submitted with the motion and plaintiff's response to the motion.

    Pursuant to 42 U.S.C. § 1997e, a prisoner must exhaust all administrative remedies as to his claims, prior to filing a lawsuit with the Court. The statute, at 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Pursuant to the January 1, 2004, Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure on his claims, as required by federal law, upon receipt of a grievance appeal response. *See Missouri Department of Corrections Manual*, D5-3.2, Offender Grievance, No. III(M)(11) (January 1, 2004). The federal statute and caselaw mandates that dismissal is required under section 1997e(a) if the plaintiff has failed to exhaust all administrative remedies *prior to* bringing suit. *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003). Further, if multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies be exhausted on all of the claims. *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

Here, plaintiff exhausted his administrative remedies and repeatedly tried to get more timely responses. He, nevertheless, filed suit prior to exhaustion. (Claim filed on July 9, 2004, and exhaustion completed on October 26, 2004.) The court takes judicial notice of the fact that Missouri Department of Corrections (MDOC) has a procedure manual that states the "[e]xpiration of the response time limit at any stage of the process shall allow the grievance to move to the next stage of the process by notifying the grievance officer." MDOC Manual D5-3.2, Offender Grievance (Jan. 1, 2004), Nos. III (K)(9), and (L)(18). This procedure does not permit the inmate to file suit prior to receiving an appeal response. The record indicates that plaintiff attempted to obtain timely responses in the grievance procedures, but apparently misunderstood when he could file a lawsuit. Although dismissal without prejudice appears to be a harsh result, especially since plaintiff has now exhausted his administrative remedies, dismissal is mandated by the law.

Therefore, because plaintiff failed to exhaust administrative remedies on his claims prior to filing this federal law suit, his claims should be dismissed, without prejudice, in accord with 42 U.S.C. § 1997e. Plaintiff is advised that if he refiles this suit on any claims dismissed without prejudice, which he may do now that his administrative remedies are exhausted, he will be required to pay the full filing fee. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

Defendants also seek dismissal of the claim against defendant McGuire based upon her lack of personal involvement in the incidents giving rise to this lawsuit. Plaintiff responded that she was "responsible as head of this Institution over all employees in her employment." (Doc. 23 at 3.)

A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. *Boyd*, 47 F.3d at 968; *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990).

The facts, as alleged by plaintiff in his pleadings, do not support a claim against defendant McGuire as superintendent of the institution.

Finally, defendants seek dismissal based upon Eleventh Amendment Immunity. To the extent defendants are sued in their official, rather than personal capacities, dismissal is recommended. The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacity. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989).

On September 26, 2005, plaintiff requested appointment of counsel. There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985); *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam). Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'" *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel. *Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The issues in plaintiff's complaint are not complex and at this stage in the proceedings, especially in light of the recommendation of dismissal, the court does not deem it necessary to appoint counsel.

3

For the reasons set forth above, it is

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [23]. It is further

ORDERED that plaintiff is granted leave to file his response, as submitted in Doc. 23, out-of-time [23]. It is further

ORDERED that defendants' motion of November 2, 2005, to extend the discovery and dispositive motion deadlines until forty-five days after the district court rules on the pending motion to dismiss is granted [24]. It is further

RECOMMENDED that defendants' motion of June 14, 2005, for dismissal be granted, as follows:

1) plaintiff's claims against defendant McGuire be dismissed for failure to state a claim against her under 42 U.S.C. § 1983;

2) plaintiff's claims against defendants Reynolds and Oxford in their official capacities be dismissed because the claims are barred by Eleventh Amendment immunity; and

3) plaintiff's remaining claims against defendants Reynolds and Oxford in their personal capacities be dismissed, without prejudice to refiling, for failure to exhaust his administrative remedies prior to filing suit, pursuant to 42 U.S.C. § 1997e.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 6th day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4